# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-113


RON WILLIAMS CONSTRUCTION, INC.

VERSUS

KENNETH JONES


**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 11-08819
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE
**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and John E. Conery, Judges.


**REVERSED AND REMANDED.**


**Daniel Frazier  Jr.**
**Frazier Law Offices, PLC**
**P. O. Box 1748**
**Baton Rouge, LA 70821**
**(225) 938-3506**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Kenneth Jones**

**David Laine Morgan**
**Stockwell, Sievert, et al.**
**P.O. Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Ron Williams Construction, Inc.**

**PICKETT, Judge.**

Kenneth Jones appeals the workers' compensation judge's (WCJ) judgment dismissing his claim for benefits against his employer, Ron Williams Construction, Inc. (RWC).

## STATEMENT OF THE CASE

Kenneth Jones alleged he injured his lower back while in the course and scope of his employment with Williams on June 20, 2011. RWC paid Jones' medical bills and workers' compensation benefits through the trial of this matter. After Zurich American Insurance (Zurich), RWC's workers' compensation insurer, investigated the claim, RWC filed a Disputed Claim for Compensation on October 28, 2011. In their claim to the Office of Workers' Compensation (OWC), RWC alleged that Jones made material misrepresentations regarding his past medical history such that he forfeited his rights to workers' compensation benefits pursuant to La.R.S. 23:1208 and 23:1208.1. Throughout the claim and pre-trial brief, RWC categorizes Jones' injury as "alleged," though there is no indication in the record that they seek termination of benefits because Jones lied about his injury or the circumstances giving rise to the injury.

Following a hearing on July 9, 2012, the WCJ took the matter under advisement. On August 27, 2012, the WCJ issued oral reasons for ruling, wherein he determined that Jones lacked credibility and failed to prove that an accident occurred in the course and scope of his employment. A judgment terminating Jones' benefits was signed on August 31, 2012. Jones now appeals.

## ASSIGNMENTS OF ERROR

Jones asserts two assignments of error:

1.  The lower court erred when it ignored the WCA-WC-1008, the Pre-Trial Statements, the trial stipulations of the parties, and rendered a decision contrary to said documents and stipulations on an issue that was not contested and on which no evidence was submitted by either party.

2.  The lower court erred in its failure to address the issues presented for adjudication by the parties and in not determining that Appellant made no material misrepresentation in violations of La.R.S. 23:1208 and 1208.1.

## DISCUSSION

We find the WCJ erred by reaching an issue not properly before him. In its pretrial statement, Willams states:

> The sole issue to be litigated at this time is whether Kenneth Jones made material misrepresentations and/or omissions as contemplated by La.R.S. 23:1208 and 1208.1 such that he shall have forfeited his right to any and all workers compensation benefits under the Act. RWC reserves the right to assert that all of Mr. Jones' alleged injuries pre-existed his employment with RWC such that RWC is not responsible for any workers compensation benefits under the Act.

While the record before us shows that RWC did not stipulate that Jones sustained a workplace accident or suffered injuries therefrom, it was not the issue presented to the WCJ for adjudication. The testimony and documentary evidence presented at the hearing before the WCJ all concerned the alleged misrepresentations and omissions made by Jones on his Second Injury Fund Questionnaire and to the physician who performed his pre-employment physical.

In his oral reasons for ruling, the WCJ discusses the evidence presented. He finds that Jones lacked credibility, and therefore he must not have been truthful about the accident giving rise to his claim. The WCJ, therefore, found that Jones benefits should be terminated because there was no compensable accident. As a

2

result of the WCJ's ruling, Jones has been denied the opportunity to present evidence supporting his claim. Other than the date and time of the unwitnessed incident, Jones was not even asked about the circumstances giving rise to his alleged injury. We find the trial court erred when he failed to rule on the issues presented at the hearing, i.e., the alleged material misrepresentations of Jones in violation of La.R.S. 23:1208 and 1208.1. The WCJ's judgment is reversed, and the case is remanded for a proper disposition of the issues before the court and such other issues as may be properly presented by the parties at trial.

## CONCLUSION

The judgment of the trial court is reversed and the case remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to Ron Williams Construction, Inc.


**REVERSED AND REMANDED.**